**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CLARENCE L. HAMILTON, | |
| Appellant | No. 89 MDA 2017 |

Appeal from the Judgment of Sentence December 5, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000304-2016

BEFORE:  PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED DECEMBER 08, 2017**

Appellant, Clarence L. Hamilton, appeals from the judgment of sentence entered following his conviction of indecent assault.[1]  This case returns to us following our remand to the trial court to prepare an opinion pursuant to Pa.R.A.P. 1925(a) and address Appellant's issue challenging the weight of the evidence presented in his Pa.R.A.P. 1925(b) statement.  The matter is now ripe for our disposition, and we affirm.

We summarize the history of this matter as follows.  On December 27, 2014, the adult female victim was spending the night on the living room floor of Appellant's home in order for Appellant's daughter to drive the victim to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126.

work in the morning. The victim claimed that, during the course of the night, Appellant woke her by inappropriately touching her with his erect penis. Appellant was charged with indecent assault.

On August 26, 2016, a jury convicted Appellant of the crime stated above. On December 5, 2016, the trial court sentenced Appellant to serve a term of incarceration of six to twenty-three months. Appellant filed a post-sentence motion on December 7, 2016, which sought to modify Appellant's sentence. On December 15, 2016, Appellant filed a supplemental post-sentence motion arguing that the verdict was against the weight of the evidence. On December 27, 2016, the trial court entered an order denying Appellant's motion to modify his sentence. The trial court entered an order on December 29, 2016, which denied Appellant's supplemental post-sentence motion challenging the weight of the evidence. This timely appeal followed. Both Appellant and the PCRA court have now fully complied with Pa.R.A.P. 1925.[2]

---

[2] In a memorandum decision filed on October 12, 2017, we remanded this matter to the trial court for the preparation of an additional Pa.R.A.P. 1925(a) opinion because our ability to conduct meaningful review of the trial court's determination of Appellant's challenge to the weight of the evidence on appeal was "impeded by the nature of the trial court's opinion, which addressed only the fact that the notes of testimony were not part of the certified record at the time of preparation of the Pa.R.A.P. 1925(a) opinion." *Commonwealth v. Hamilton*, ___ A.3d ___, 89 MDA 2017 (Pa. Super. filed October 12, 2017) (unpublished memorandum at *6). Specifically, we remanded this matter and directed the trial court to write an additional Pa.R.A.P. 1925(a) opinion within thirty days of the filing of our memorandum. The trial court has since authored an additional opinion as directed, and this case is now ripe for our disposition.

Appellant presents the following issue for our review:

I. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST-SENTENCE MOTION BECAUSE THE VERDICT WAS SO CONTRARY TO THE WEIGHT OF THE EVIDENCE AS TO SHOCK ONE'S SENSE OF JUSTICE?

Appellant's Brief at 5 (underlining omitted).

In his sole issue, Appellant argues that the verdict was against the weight of the evidence. Appellant's Brief at 11-13. Essentially, Appellant contends that the Commonwealth failed to prove that Appellant's version of events was not plausible. *Id*. at 12.

In *Commonwealth v. Clay*, 64 A.3d 1049 (Pa. 2013), our Supreme Court set forth the following standards to be employed in addressing challenges to the weight of the evidence:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. *Commonwealth v. Widmer*, 560 Pa. 308, 319, 744 A.2d 745, 751-[7]52 (2000); *Commonwealth v. Brown*, 538 Pa. 410, 435, 648 A.2d 1177, 1189 (1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. *Widmer*, 560 A.2d at 319-[3]20, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. at 320, 744 A.2d at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Brown*, 538 Pa. at 435, 648 A.2d at 1189.
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.* **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 467 Pa. 50, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 560 Pa. at 321-[3]22, 744 A.2d at 753 (emphasis added).

This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered. In describing the limits of a trial court's discretion, we have explained:

> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Widmer**, 560 A.2d at 322, 744 A.2d at 753 (quoting **Coker v. S.M. Flickinger Co.**, 533 Pa. 441, 447, 625 A.2d 1181, 1184-[11]85 (1993)).

*Clay*, 64 A.3d at 1054-1055. "Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Diggs*, 949 A.2d 873, 879-880 (Pa. 2008).

The trial court addressed this issue as follows:

> In the instant case, the evidence supports the guilty verdict of indecent assault. In Pennsylvania,
>
> > A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and the person does so without the complainant's consent.
>
> 18 Pa.C.S.A. § 3126(a)(1). The jury heard extensive testimony from the victim, [T.M.] (hereinafter "[Victim]"), regarding the events that transpired on December 27, 2014.
>
> [Victim] was staying the night at her godmother (Cassandra)[4] and Appellant's home. (Notes of Testimony, Trial ("N.T.") at 19-20). In the home that night were [Victim], her son, her sister ([B.C.]), her godmother and Appellant's step-daughter (Cassandra), Appellant, Appellant's paramour (Felicia), and Appellant's grandchildren (Bree, JourNay, and Trevon). (N.T. at 20-21). [Victim] and her son slept in the living room on a makeshift bed of blankets as there were no open beds. (N.T. at 21).
>
> > [4] Cassandra is also Appellant's step-daughter.
>
> [Victim] testified that she fell asleep and was awoken by her comfort[er] being pulled on. (N.T. at 23). Upon waking, she saw Appellant who said to her "if you get cold or anything, let me know and I'll turn the heat up." (N.T. at 23-24). [Victim] fell back asleep and was awoken later by Appellant tugging on her pants. (N.T. at 25, 27). When [Victim] lifted her head up, Appellant immediately laid down next to her son. (N.T. at 27). After a couple of seconds, Appellant [got] up and squeeze[d] himself in-

- 5 -

between [Victim] and the sofa.  (N.T. at 28).  [Victim] testified that Appellant put his hand on her and started to rub her butt, and that she could feel his penis on her leg.  (Id.)  At that point, [Victim] yelled his name out, and Appellant got up.  (Id.)

The jury also heard testimony from Officer Matthew Gallup of the City of Harrisburg, Bureau of Police.  He testified that he was dispatched to the residence for the report of a sexual assault.  (N.T. at 52).  Upon arriving, he initially spoke with [Victim] who informed him of what occurred.  (Id.)  He described [Victim] as appearing to be in shock, she was slightly dazed and seemed nervous and shocked that something like that happened to her.  (N.T. at 54).  He testified that [Victim's] testimony in court was substantially similar to the statement she initially gave to police.  (N.T. at 52).

[The trial c]ourt found [Victim's] testimony to be credible on its face.  The jury obviously found her testimony to be believable beyond a reasonable doubt.  [The trial c]ourt found no problem with the jury's credibility determination, and further concluded that the weight of the evidence was consistent with the verdict.  Clearly, the verdict was not contrary to the weight of the evidence so as to shock one's sense of justice.  Therefore, [the trial c]ourt did not err in denying Appellant's Post-Sentence Motion.

Trial Court Opinion, 11/8/17, at 3-5.

Based upon our complete review of the record, we are compelled to agree with the trial court.  Here, the jury, sitting as the finder of fact, was free to believe all, part, or none of the evidence against Appellant.  The jury weighed the evidence and concluded Appellant perpetrated the crime of indecent assault when Victim was awakened by Appellant pulling on her pants, rubbing her buttocks, and pressing his erect penis against her leg.  N.T., 8/25/16, at 25-30.  We agree that this determination is not so contrary to the evidence as to shock one's sense of justice.  We decline Appellant's invitation to assume the role of fact-finder and to reweigh the evidence.  Accordingly,

we conclude that the trial court did not abuse its discretion in refusing to grant relief on Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2017